```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

Sandata Technologies, Inc.,    :
     Plaintiff,                :
                               :
v.                             :     Case No. 3:05cv1714 (JBA)
                               :
CareWatch, Inc.,               :
     Defendant.                :
```

**RULING ON DEFENDANT'S MOTION TO VACATE ORDER OF DISMISSAL**
**[DOC. # 34]**

As detailed in the Court's Ruling on defendant's Motion to Stay and Compel Arbitration, plaintiff Sandata Technologies, Inc. ("Sandata"), instituted this action asserting claims of patent infringement against defendant CareWatch, Inc. ("CareWatch") for failure to comply with its obligations under a license agreement entered into between defendant and MCI WorldCom Network Services, Inc. (whose interest was allegedly later assigned to Sandata), and in April 2006, this Court granted defendant's motion to stay the action and compelled arbitration. See Stay Ruling [Doc. # 31]. Pursuant to the Court's Stay Ruling, the action was administratively closed pending the arbitration proceedings, and the Court provided that either party could have the case restored to the active docket by motion filed no later than 45 days following completion of the arbitration proceedings. See Stay Ruling at 7.

An arbitration hearing was subsequently held from May 23-25, 2006, and on July 17, 2006 the arbitrator issued a Final Award,

1

finding that defendant CareWatch had not breached the license agreement.  On that same day, Sandata filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i), <u>see</u> [Doc. # 32], which Notice the Clerk of Court so ordered on July 18, 2006, <u>see</u> Order of Dismissal [Doc. # 33].  CareWatch now requests, pursuant to Fed. R. Civ. P. 60(a), that the Court's Order of Dismissal be vacated, contending that it was entered "in a perfunctory manner by the Clerk of Court in inadvertent contravention of the Court's April 20, 2006 Order, which granted CareWatch's Motion to Compel Arbitration and contemplated that the case would be restored to the active docket after the arbitration was completed, if necessary."  Mot. to Vacate [Doc. # 34] at 1.  CareWatch represents that it "desires to confirm the Final Award of the Arbitrator.  Vacating the dismissal and restoring the case to the active docket are necessary precursors to CareWatch's Motion to Confirm."  <u>Id</u>. at 1.  Sandata objects, claiming that CareWatch's motion does not meet the requirements of Rule 60(a) because the Court's dismissal was "fully in accord with Rule 41(a)(1)(i), Fed. R. Civ. P., which provides a plaintiff with an absolute right to dismiss a complaint before issue has been joined or before a summary judgment motion has been filed, subject only to certain specified exceptions."  Pl. Opp. [Doc. # 35] at 1.

    Fed. R. Civ. P. 41(a)(1)(i) provides: "Subject to the

provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."  In this case, no answer or motion for summary judgment was ever filed, as defendant filed a motion to stay and compel arbitration, which motion the Court granted.  "A motion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment."  Swedberg v. Marotzk, 339 F.3d 1139, 1142 (9th Cir. 2003) (internal quotation omitted); accord 8-41 Moore's Federal Practice - Civil § 41.33[5][c][D] ("A motion to stay proceedings and compel arbitration does not extinguish the plaintiff's right to file a notice of dismissal, even if the motion is granted and the arbitration has commenced.") (citing cases).  "The language of this rule leaves little room for interpretation.  Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk.  Rule 41(a)(1)(i) does not require leave of court to dismiss the action.  The purpose of the rule is to facilitate the voluntary dismissal of an action, but safeguard abuse by limiting its application to an early stage of the proceedings."  Swedberg, 339 F.3d at 1142.

Rule 60(a) provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  However, contrary to defendant's contention, this Court's Order of Dismissal was not a clerical error and did not contravene the April 2006 Stay Ruling. The Court's intent in its Stay Ruling was to administratively close this case until either party requested it to be restored to the active docket upon completion of arbitration. Notwithstanding the Court's provision of procedures whereby either party could reopen the case after conclusion of the arbitration proceedings, plaintiff Sandata had a right to voluntarily dismiss this action pursuant to Rule 41(a), even after issuance of the Court's Stay Ruling and commencement of arbitration proceedings, as no answer or summary judgment motion had been filed; as discussed above, that defendant CareWatch made a motion to stay and compel arbitration did not divest plaintiff of this right.

Thus, this plaintiff's Notice of Voluntary Dismissal was proper under Rule 41(a), the Order of Dismissal was accordingly not entered in error, and defendant's Motion to Vacate [Doc. # 34] is DENIED.  Defendant suffers no prejudice from the dismissal of this action as it may file a separate action to confirm the

final arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, in whatever court it deems proper.

IT IS SO ORDERED.

       /s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 20th day of September, 2006.**